**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSHIL KUMAR SHARMA, | No. 07-72733 |
| Petitioner, | Agency No. A095-413-287 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2011[**]
San Francisco, California

Before: GOODWIN and PAEZ, Circuit Judges, and O'GRADY,[***] District Judge.

Sushil Kumar Sharma, a citizen of India, was denied asylum, withholding of

removal, and relief under the Convention Against Torture (CAT) as a result of an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Liam O'Grady, United States District Judge for the Eastern District of Virginia, sitting by designation.

adverse credibility determination. His asylum application was also denied for failure to establish by clear and convincing evidence that he applied for asylum within one year of arrival in the United States. 8 U.S.C. 1158(a)(2)(B).

Sharma claims he joined the Jammu and Kashmir Human Rights Council (Council) in October 1999, and that his membership in this organization led to persecution. Sharma submitted a report of the Council that states that Sushil Sharma, as an officer of the Council, investigated human rights incidents in 1991. Sharma also submitted a 2001 affidavit that claimed that he had been involved in a human rights organization for six years.

The documentary evidence and Sharma's testimony suggest three different and inconsistent dates for Sharma joining the Council. The evidence of Sharma's involvement in the Council is an attempt to enhance Sharma's asylum claim and goes to the heart of that claim. *See Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 617, 620 (9th Cir. 2004). Sharma was given opportunities, but failed to resolve these discrepancies. *See Joseph v. Holder*, 600 F.3d 1235, 1244-45 (9th Cir. 2010). These discrepancies provide substantial evidence to support a finding of adverse credibility. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). A reasonable fact-finder is not compelled to overturn the adverse credibility finding. *Id.*

Because the adverse credibility determination is dispositive of all of Sharma's claims, we need not reach the question of whether Sharma's asylum application met the one-year bar.

**PETITION DENIED.**